IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARIANO MALDONADO-PAGÁN<br><br>**Plaintiff**<br><br>v.<br><br>RODOLFO FONT-RUIZ, *et al*.<br><br>**Defendants** | **CIVIL NO.** 23-1063 (RAM) |

### MEMORANDUM AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

On February 9, 2023, Plaintiff Mariano Maldonado-Pagán, ("Plaintiff") filed a *pro se Complaint*. (Docket No. 2). The *Complaint* was filed in Spanish. However, **all filings, pleadings, and proceedings in the United States District court for the District of Puerto Rico must be conducted in the English language**. *See* 48 U.S.C. § 864; L. CV. R. 5(c).

Plaintiff received notices of defective pleading, informing him that the "pleading or document is not in the English language[,]" on February 10, 2023 and again on March 7, 2023. (Docket Nos. 4 and 5). On April 18, 2023, the Court issued the following order: "By May 18, 2023, Plaintiff shall file an English translation of the complaint at CM/ECF 2. Failure to comply with this Order shall result in dismissal of this lawsuit without prejudice." (Docket No. 9).

Civil No. 23-1063                                                        Page 2

On May 8, 2023, Plaintiff requested a copy of his *Complaint* in order to translate it. (Docket No. 12). The Court granted this request and instructed Plaintiff to file the translated complaint by July 31, 2023. (Docket Nos. 13 and 15). The Court subsequently granted Plaintiff's request for a 60-day extension to file his amended complaint by September 11, 2023. (Docket No. 17). **Plaintiff did not comply with this deadline**.

District Court judges, in an exercise of the inherent authority to regulate their dockets, may rely upon Fed. R. Civ. P. 41 (b) when considering whether to involuntarily dismiss a case *sua sponte*. See García-Perez v. Hosp. Metropolitano, 597 F.3d 6, 7 (1st Cir. 2010); Malot v. Dorado Beach Cottages Assocs., 478 F.3d 40, 43 (1st Cir. 2007). The First Circuit has held that "a party's disregard of a court order is a paradigmatic example of extreme misconduct" which may warrant dismissal. Torres-Vargas v. Pereira, 431 F.3d 389, 393 (1st Cir. 2005). When a "**court appropriately forewarns a plaintiff of the consequences of future noncompliance with an unambiguous order, the court need not exhaust less toxic sanctions before dismissing a case** [.]" Id. (emphasis added).

Over the past seven months, Plaintiff has repeatedly failed to comply with the Court's orders requiring an English language translation of the *Complaint*. The Court is compelled to dismiss

Civil No. 23-1063 Page 3

the *Complaint* in light of Plaintiff's failure to file it in the English language as required by 48 U.S.C. § 864, Local Rule 5(c), and this Court's orders. Moreover, a review of the Spanish language *Complaint* reveals that Plaintiff failed to establish the Court's subject matter jurisdiction. Thus, Plaintiff's *Complaint* at Docket No. 2 is hereby **DISMISSED WITHOUT PREJUDICE**. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 20th day of September 2023.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge